IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BALLARD NURSING CENTER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 5715 |
| | ) |
| GF HEALTH PRODUCTS, INC., and | ) |
| ROBERT BELLACI, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Ballard Nursing Center, Inc.'s ("Ballard") motion to remand. For the reasons stated below, we grant the motion to remand.

## BACKGROUND

Ballard alleges that it received a fax ("Fax") containing an unsolicited advertisement on its facsimile machine. The Fax allegedly referred to a website registered to Defendant GF Health Products, Inc. ("GF Health") and invited the recipient to contact Defendant Robert Bellaci ("Bellaci"). Ballard brought the instant action on behalf of itself and a proposed class consisting of parties that also received the Fax from Defendants. Ballard contends that it suffered damages in the form of

1

paper and ink that was used to print out the Fax. Ballard also contends that Defendants gained an unfair competitive advantage over competitors by utilizing the ink and paper of the Fax recipients for Defendants' unsolicited advertisement and thereby passing such expenses onto the recipients. Ballard includes in its complaint a claim alleging a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (Count I), a claim alleging a violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2 (Count II), and a conversion claim (Count III). GF Health originally removed the instant action to federal court on August 9, 2007, and on August 22, 2007, we granted Ballard's motion to remand due to deficiencies in the removal. Bellaci subsequently removed the action to federal court again and Ballard now moves to remand the instant action to state court. We note that Defendants have moved for leave to file a sur-reply instanter. We grant the motion and have considered the sur-reply.

## LEGAL STANDARD

A plaintiff can move to remand a case to state court "on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal" in accordance with the requirements in 28 U.S.C. § 1446(a). 28 U.S.C. § 1447(c). Pursuant to 28 U.S.C. § 1446(b) ("Section 1446(b)"), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is

based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

## DISCUSSION

Ballard argues that since this action was commenced in state court and GF Health was served on July 17, 2007 and the notice of removal was filed by Bellaci in the instant action on October 9, 2007, the removal was untimely. Defendants acknowledge in their October 9, 2007 notice of removal that GF Health originally removed this action and it was remanded before Bellaci removed the action to federal court again. (B. Not. Remov. 1, 2 n.1). Ballard argues that the court should follow the first-served rule, and find that the Section 1446(b) limitations period began to run for all Defendants on July 17, 2007, including Bellaci who had not been served. Defendants argue that the court should follow the last-served rule and find that, although GF Health can no longer remove this action, the Section 1446(b) limitations period began to run for Bellaci on October 1, 2007, when he was served with a summons and complaint.

Under the first-served rule, the thirty day limitations period under Section 1446(b) begins to run for all defendants on the date that service is effectuated on any of the defendants. *Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986). This rule is based on the fact that if a defendant is served and fails to remove the action within the Section 1446(b) limitations period, the defendant would be unable

to later join in a removal with another defendant that is later served. *Id.* A removal by the later-served defendant would be improper since all defendants are required to consent to a removal and join in the removal. *See Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 401 (7th Cir. 2001)(stating that "the removal statute requires *all* defendants to join in a motion for removal")(emphasis in original). Under the last-served rule, when one defendant is served and another defendant is later "located and served" and "attempt[s] to remove the case within thirty days of service on him, but long after the" first "defendant's thirty-day limit on removal had run," the "'later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants.'" *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 755-56 (8th Cir. 2001)(quoting in part *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527 (6th Cir. 1999)). The last-served rule, although contrary to the unanimity requirement, was created by the courts based upon equitable concerns of fairness. *Id.* at 756.

    Defendants contend that "[t]he Seventh Circuit recently rejected the first-served rule in *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524 (7th Cir. 2004)." (Ans. Mot. 4). However, the Seventh Circuit made no such finding in *Boyd*. As Defendants concede further in their answer to the motion to remand, when Defendants cite to a district court opinion, that the district court merely mentioned in a footnote that the Seventh Circuit has "implicitly adopted" the last-served rule. (Ans. Mot. 4). In *Boyd*, the Court identified both the first-served rule and the last-served rule, noting that "the two leading treatises diverge in their recommendations

4

of how to resolve th[e] issue." 366 F.3d at 530. Defendants argue that the Court in *Boyd* could have chosen to use the first-served rule to resolve the appeal, but the Court instead remanded the case to the district court. 366 F.3d at 530-31. The fact that the Court in *Boyd* did not choose to utilize the first-served rule to resolve the appeal does not mean that the Court intended to adopt the last-served rule. Although the Court in *Boyd* mentioned both rules, it did not adopt or reject either rule. We note that the Court in *Boyd* did mention a concern that under the last-served rule, a defendant that did not seek to remove an action in a timely fashion could attempt to circumvent Section 1446(b) by making an assignment to another party, which then becomes a new defendant in the case. *Id.* at 530 (stating that "[t]o permit TILA defendants to use assignee liability in this way creates the potential for forum-shopping, because once a TILA defendant has tested the waters in state court, it can simply assign the loan to a new entity that has the option promptly to remove the case to federal court").

Defendants also cite *Schillinger v. 360Networks USA, Inc.*, 2006 WL 1388876 (S.D. Ill. 2006) to support their position that the Seventh Circuit has adopted the last-served rule. (Ans. Mot. 4). Although the court in *Schillinger* indicated in a footnote that the court believed recent Seventh Circuit rulings to be "ambiguous[]" in regard to the service issue, the reference was merely dicta. *Id.* at *7 n.7. The court in *Schillinger* explained that the rational behind the first-served rule is that all defendants are ultimately required to join in the removal. *Id.* at *6. However, the court further explained in *Schillinger* that the case was removed under the Class

Action Fairness Act of 2005 ("CAFA"), and there is a special rule under CAFA that does not require all defendants to join in a removal. *Id.* at *7. The court in *Schillinger* stated that "[w]here the requirement of unanimity is eliminated, so too is the first-served defendant rule." *Id.* Unlike *Schillinger*, the instant action was not removed pursuant to CAFA. (B. Not. Remov. Par. 3). The court in *Schillinger* was thus presented with a special situation outside the scope of the ongoing dispute among the courts relating to the applicability of the first-served rule and last-served rule. The reference by the court in *Schillinger* in a footnote to the state of the law in the Seventh Circuit in regard to the proper rule was, thus, mere dicta.

We agree with the court in *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986) that the first-served rule is the appropriate rule to use to resolve whether a removal is timely under Section 1446(b). Although a court must always be mindful of equitable concerns, the court should not solely focus on how defendants are prejudiced by the inability to remove an action. A court must also consider the plaintiffs that are prejudiced by such removals. We agree with the Court in *Brown* that the last-served rule would prejudice a plaintiff and inhibit the efficient functioning of the judicial system by allowing defendants to forum shop and provide defendants with a means to needlessly delay an action. *Id.* (noting that "[t]he forum for a suit ought to be settled at some time early in the litigation"). Our conclusion is consistent with the Seventh Circuit's concern expressed in *Boyd* that defendants could manipulate the last-served rule to forum shop. *Boyd*, 366 F.3d at 530 (stating that the "removal statutes do not permit defendants deliberately to manipulate

assignments so that the 30-day time limit on removal found in § 1446(b) can be avoided"). Our conclusion is also consistent with the Seventh Circuit's admonition that "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *see also Greensmith Co., Inc. v. Com Systems, Inc.*, 796 F.Supp. 812, 814 (D. N.J. 1992)(stating that the last-served rule "creates an open-ended right to removal for all defendants" and that "[f]ederal courts have consistently construed removal statutes strictly and, on the whole, against the right of removal").

The prejudice to plaintiffs under the last-served rule outweighs the potential prejudice to defendants that are served later in an action and are denied the ability to remove the action. In fact, as the court noted in *Brown* "[a] defendant who is added to a case in which a co-defendant has failed to seek removal is in no worse position than it would have been in if the co-defendant had opposed removal or were domiciled in the same state as the plaintiff." *Id.* at 482. If the first served defendant opts not to remove the action within 30 days, a later served defendant, even if served earlier with the first defendant would likely have been unable to remove the action since the other defendant probably did not desire to remove the action. *See Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988)(stating that the first-served rule "promotes unanimity among the defendants without placing undue hardships on subsequently served defendants" and noting that "if a removal petition is filed by a served defendant and another defendant is served after the case is thus removed, the latter defendant may still either accept

the removal or exercise its right to choose the state forum by making a motion to remand"). The last-served rule would also provide the first served defendant with an opportunity to change its mind and with the incentive to orchestrate a situation in which a new defendant would be named to reopen the Section 1446(b) limitations period. Under the last-served rule, there would be uncertainty in litigation and an endless opportunity for defendants to change venue if the proceedings did not suit them. *See Greensmith Co., Inc.*, 796 F.Supp. at 814 (stating that the last-served rule "creates an open-ended right to removal for all defendants"). In examining the service issue for removal, a court must also be mindful of a plaintiff's inherent interest in choosing the forum in which he desires to proceed. *See Doe*, 985 F.2d at 911 (referring to interest by plaintiff in "choos[ing]his or her forum"); *Auchinleck v. Town of LaGrange*, 167 F.Supp.2d 1066, 1069 (E.D. Wis. 2001)(finding the first-served rule to be proper and noting that "in the removal context, faithful adherence to the statutory language is more important than avoiding potential unfairness" and that "[t]he plaintiff's right to choose his forum is superior to the defendant's right of removal").

In the instant action, GF Health was served on July 17, 2007. (Mot. 2). Bellaci removed the instant action to federal court on October 9, 2007, which was well beyond the 30-day limitations period provided in Section 1446(b). (B. Not. Remov. 1). The removal by Bellaci is also improper since it was not joined by all Defendants. *Vorhees*, 272 F.3d at 401. Therefore, we grant Ballard's motion to

remand.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to remand. We also grant Defendants' motion for leave to file a sur-reply instanter.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 14, 2007